# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Sharon Lewis,<br><br>      Plaintiff,<br>v.<br><br>The Medical University of South Carolina (MUSC) d/b/a Medical University Hospital Authority (MUHA),<br><br>      Defendant. | Case No. 2:22-cv-04088-RMG<br><br>**ORDER AND OPINION** |

Before the Court is the report and recommendation (R&R) of the Magistrate Judge recommending that Defendant's motion for summary judgment be granted. (Dkt. No. 53). For the reasons set forth below, the Court adopts the R&R as the Order of the Grant and grants Defendant's motion (Dkt. No. 41).

**I.    Background**

Plaintiff Sharon Lewis brings claims under the Americans with Disabilities Act (ADA) and Age Discrimination in Employment Act (ADEA) against Defendant, alleging she experienced disability-based discrimination and a hostile work environment while employed as a Document Management Specialist at MUSC between October 25, 2021 – September 8, 2022, when she claims she was terminated as retaliation for seeking accommodations under the ADA. (Dkt. No. 1-1). Defendant moved for summary judgment, arguing that (1) the Eleventh Amendment and state sovereign immunity bar Plaintiff's claims, (2) Plaintiff failed to exhaust her administrative remedies with the EEOC prior to filing her suit, (3) Plaintiff could not present a prima facie case of discrimination based on her disability, a hostile work environment, or retaliation and (4)

Plaintiff could not present sufficient evidence of pretext in support of her discrimination and retaliation claims. (*See* Dkt. No. 41-1).

The Magistrate Judge issued an R&R recommending Defendant's motion for summary judgment be granted. (Dkt. No. 53). Plaintiff objected to the R&R (Dkt. No. 55), and Defendant replied (Dkt. No. 56).

**II.     Legal Standard**

**A.  Review of R&R**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where the plaintiff objects to the R & R, the Court "makes a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* If the Plaintiff fails to file specific objections or files no objections, 'a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005); *see also* Fed. R. Civ. P. 72 advisory committee's note.

**B.  Motion for Summary Judgment**

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact" and is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts."

*Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III.    Discussion

Plaintiff does not object to the R&R's finding that her ADA and ADEA claims are barred by the Eleventh Amendment. (Dkt. No. 53 at 14-17). Finding no clear error on the face of the record, this Court accepts the Magistrate Judge's recommendation to dismiss Plaintiff's claims as a matter of law.

### IV.    Conclusion

In light of the foregoing, the Court **ADOPTS** the R&R (Dkt. No. 53) as the Order of the Court and **GRANTS** Defendant's motion for summary judgment (Dkt. No. 41).

**AND IT IS SO ORDERED.**

 s/Richard M. Gergel
Richard Mark Gergel

                                        United States District Judge

May 31, 2024
Charleston, South Carolina